# AFFIDAVIT IN SUPPORT OF AN APPLICATION FOR A CRIMINAL COMPLAINT AND ARREST WARRANT

I, Sean P. Sullivan, having been duly sworn, hereby depose and state as follows:

## Introduction and Agent Background

1. I make this affidavit in support of an application for a criminal complaint and arrest warrant charging Ramon SILVELO-MILES (YOB 1989) with being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1), and possession with intent to distribute controlled substances, in violation of 21 U.S.C. § 841(a)(1).

2. I am employed as a Special Agent with the United States Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"). I joined ATF in 2014 and received formal training at The Federal Law Enforcement Training Center. My training included, among other things, instruction on the investigation of firearms offenses under 18 U.S.C. §§ 922 and 924. I am currently assigned to a joint task force comprising ATF agents and detectives from southeastern Massachusetts. I have participated in numerous investigations focusing on controlled dangerous substance ("CDS") trafficking, gangs, and illegal firearms. I have conducted covert surveillance of suspected CDS traffickers; interviewed numerous individuals involved in gangs and the CDS trafficking trade; participated in several Title III wiretap investigations as a monitor and member of surveillance teams; participated in the execution of numerous state and federal search and arrest warrants involving CDS traffickers and violent offenders; and participated in the seizure of numerous firearms and controlled dangerous substances.

3. Based on my training and experience, I am familiar with the means by which individuals distribute narcotics and unlawfully obtain, use, and possess firearms in furtherance of their narcotics distribution, and how firearms move in or affect interstate commerce.

4.      The information set forth in this affidavit is based on information provided to me by members of the Massachusetts State Police ("MSP") and other federal and state law enforcement officers, and from my review of records and reports relating to the case. Because this affidavit is intended to show merely that there is probable cause to issue a criminal complaint and arrest warrant, it does not set forth all my knowledge about this matter.

## Probable Cause

5.      On September 20, 2021, at approximately 2:00 A.M., MSP Trooper (Tpr.) Tyler Hopkins was on patrol in a marked State Police cruiser on Route 24 in the City of Brockton, Massachusetts. Tpr. Hopkins observed a gray sedan later identified as a Toyota Camry bearing Massachusetts registration 2ADR13. Tpr. Hopkins observed the gray Camry traveling in the left lane and approaching a detail construction zone that was also in the left lane. The gray Camry cut suddenly into the right lane to avoid the detail construction zone. Tpr. Hopkins then observed the gray Camry's right tires drift into the breakdown lane and then back into the right lane. Tpr. Hopkins began to follow the vehicle, and he again observed it drifting between lanes without signaling. Tpr. Hopkins initiated a traffic stop of the gray Camry on Route 24 in the town of West Bridgewater, Massachusetts.

6.      Tpr. Hopkins approached the vehicle and identified himself to the operator, informed him of the reason of the stop, and requested his license and registration. Tpr. Hopkins observed that the operator was alone in the vehicle. The operator provided his Massachusetts driver's license, identifying himself as Ramon SILVELO-MILES. Standing at the front passenger window, Tpr. Hopkins smelled an odor coming from the interior of the passenger compartment that, from his training and experience, he associated with cocaine. After he began conversing with SILVELO-MILES, Tpr. Hopkins detected the odor of an alcoholic beverage coming from his breath, and

Tpr. Hopkins noticed that his eyes were glassy and bloodshot, and his speech was thick tongued and difficult to understand. Tpr. Hopkins also observed a red plastic cup in the center console with a green color liquid. Despite his inability to locate the vehicle's registration elsewhere in the vehicle, SILVELO-MILES avoided opening and searching the glove compartment for it.[1] Based upon SILVELO-MILES' driving behavior and his observations of SILVELO-MILES while speaking to him, Tpr. Hopkins suspected that SILVELO-MILES was impaired.

7. Tpr. Hopkins asked SILVELO-MILES to exit the vehicle in order to conduct a standard field sobriety test. SILVELO-MILES was unable to perform the tests as instructed and demonstrated by Tpr. Hopkins. Planning to arrest SILVELO-MILES for operating a motor vehicle under the influence of alcohol, Tpr. Hopkins asked him to stay with an assisting Trooper while he conducted an inventory search of the gray Camry prior to it being towed, as authorized by the Massachusetts State Police vehicle inventory policy. In the center console, Tpr. Hopkins recognized the smell of alcohol in the red plastic cup. He also discovered a bottle of tequila on the floorboard of the backseat.

8. In addition, Tpr. Hopkins found a small backpack and a black sock in the glove compartment. The backpack contained suspected narcotics, specifically numerous bags containing a white rock-like substance and one bag containing a tan powder substance, and U.S. currency in an assortment of small denominations consistent with narcotics transactions. The odor he associated with cocaine that Tpr. Hopkins had initially noticed from the front passenger window was stronger after the backpack was opened. The narcotics located in the backpack were

---

[1] According to records I reviewed from the Massachusetts Registry of Motor Vehicles, SILVELO-MILES is the registered owner of the 2018 gray Toyota Camry MA Reg 2ADR13.

all packaged in small, clear plastic bags. Inside the black sock was a Raven Arms MP-25 .25 caliber pistol, bearing serial number 1200299. The pistol was loaded with one round in the chamber and five in the magazine.

9. Based on my training and experience, I recognize the quantity of suspected narcotics, the manner of packaging of the suspected narcotics, and the presence of U.S. currency in small denominations as hallmarks of street-level drug trafficking.[2]

10. The suspected narcotics found in the backpack were submitted to the MSP Crime Laboratory for testing. The white rock substances contained approximately 327 grams of cocaine, a Schedule II controlled substance. The tan powder substance contained approximately 9 grams of fentanyl, also a Schedule II controlled substance.

11. The firearm recovered from SILVELO-MILES, a .25 caliber Raven Arms MP-25 pistol, bearing serial number 1200299, was tested by a Trooper in the Massachusetts State Police, Firearms Identification Section. The Trooper used the same .25 caliber ammunition loaded in the firearm when it was recovered. I have reviewed the results of the testing, which demonstrate that the ammunition was live and the firearm was operable and capable of firing said ammunition. Accordingly, I believe that the .25 caliber Raven Arms MP-25 pistol and the six rounds of .25 caliber ammunition are a "firearm" and "ammunition" as those terms are defined in federal law. *See* 18 U.S.C. § 921(a)(3) and (17)(A).

---

[2] Tpr. Hopkins was equipped with a body-worn camera that captured his encounter with SILVELO-MILES. MSP preserved the audio and video recording, which I have reviewed. Therefore, from the recording, I witnessed first-hand these facts as reported by Tpr. Hopkins.

12. I have consulted with ATF Special Agent Patrick Briody, who possesses specialized knowledge and training relating to the identification, origin, and classification of firearms and ammunition. Special Agent Briody has performed hundreds of examinations of firearms and ammunition for the purposes of determining their places of manufacture and interstate movement. Special Agent Briody informed me that he is familiar with Raven Arms MP-25 firearms and the brand of .25 caliber ammunition loaded in the pistol, Precision Made Cartridges ("PMC"). Special Agent Briody further informed me that neither the Raven Arms MP-25 firearm nor the six rounds of PMC .25 caliber ammunition were manufactured in Massachusetts. As such, the firearm and the ammunition necessarily traveled in and affected interstate commerce

13. As part of my investigation in this case, I also obtained and reviewed records related to SILVELO-MILES's criminal history, and records of conviction from Massachusetts courts. Specifically, I reviewed information from docket number 2007CR000157, indicating that SILVELO-MILES was convicted in 2020 in Boston Municipal Court of the felony offense, Trafficking in a Class B Substance (Cocaine), and that he received a suspended sentence of two years commitment to a House of Correction. Additionally, I reviewed information from docket number 1084CR11036, indicating that SILVELO-MILES was convicted of multiple felony offenses in 2014 in Suffolk Superior Court, including Manslaughter, and was sentenced to a maximum term of ten years and a minimum term of nine years incarceration at the Massachusetts Correctional Institution at Cedar Junction. Therefore, I am aware that on September 20, 2021, when SILVELO-MILES possessed the Raven Arms MP-25 pistol and the six rounds of PMC .25 caliber ammunition, SILVELO-MILES was a person previously convicted of multiple crimes punishably by a term of imprisonment greater than one year, and he

knew he was a person who had previously been convicted of crimes punishable by more than one year in imprisonment.

## Conclusion

14. Based on the foregoing information and on my training and experience, there is probable cause to believe that on September 20, 2021, in West Bridgewater, Massachusetts, Ramon SILVELO-MILES (YOB 1989), knowing that he was previously convicted in a court of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess, in and affecting commerce, a firearm and ammunition, to wit: a Raven Arms MP-25, .25 caliber pistol, and six rounds of PMC .25 caliber ammunition, and with the intent to distribute a mixture and substance containing cocaine, a Schedule II controlled substance, and a mixture and substance containing fentanyl, a Schedule II controlled substance, did knowingly possess said controlled substances.

Sworn to under the pains and penalties of perjury,

Sean P. Sullivan
Special Agent
U.S. Bureau of Alcohol, Tobacco, Firearms and Explosives

Sworn via telephone in accordance with Rule 4.1 of the Federal Rules of Criminal Procedure on this 19th day of January, 2022.   1:42 p.m.

HONORABLE DAVID H. HENNESSY
UNITED STATES MAGISTRATE JUDGE